United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-08-4147 SBA (EMC)<br><br>**ORDER CONDITIONALLY DENYING PLAINTIFF'S MOTION TO QUASH**<br><br>**(Docket No. 80)** |

Plaintiff has moved to quash a subpoena that was served on her husband, Madan Lal. In her motion, Plaintiff argues that his deposition should be barred in its entirety based on the marital communications privilege. Plaintiff further argues that Mr. Lal has no information relevant to this litigation.

The Court rejects Plaintiff's first argument. The marital communications privilege protects only confidential communications.[1] *See* 1-18 Weinstein's Evid. Man. § 18.05[3][b] (stating that the privilege "must be asserted regarding a communication" and the communication must have been made in confidence"); *United States v. Lustig*, 555 F.2d 737, 748 (9th Cir. 1977) (stating that the privilege applies only to matters "communicative" and "confidential in nature"; adding that "[i]t is

---

[1] To the extent Plaintiff asserts the privilege against adverse spousal testimony, that applies only in criminal or related proceedings. *See* 1-18 Weinstein's Evid. Man. § 18.05[1] (noting that "the federal courts recognized two privileges affecting the marital relationship: a testimonial privilege that prevented adverse testimony by a spouse in a criminal case, and a communications privilege that protected confidential communications between spouses").

1 well established that the privilege applies only to utterances or expressions intended by one spouse
2 to convey a message to the other"). Observations of Mr. Lal would not be protected by the
3 privilege; nor would knowledge he has independent of any communications with Plaintiff. Given
4 the limited scope of the privilege, the privilege is not a reason to preclude the deposition in its
5 entirety (although the privilege could be asserted, if necessary, with respect to specific questions
6 asked at the deposition).

7 As to Plaintiff's second argument, Defendant has made an adequate showing of relevance.
8 That Plaintiff has now "withdrawn her claim for emotional distress and all damages in any way
9 related to emotional distress," Reply at 1, does not moot the deposition. As Defendant points out, its
10 position is that the account reviews being challenged by Plaintiff were done in conjunction with
11 open, not closed, accounts involving Plaintiff. Mr. Lal may have information about the account that
12 was opened in his name but with Plaintiff's social security number. In addition, Mr. Lal may have
13 information about his own credit score and/or rating, which may have affected Plaintiff's credit and
14 account reviews.

15 Accordingly, the Court denies Plaintiff's motion to quash and shall allow the deposition of
16 Mr. Lal to proceed. This ruling, however, is conditional. In her reply brief, Plaintiff argued for the
17 first time that the deposition of Mr. Lal should not proceed at all because he is a "heart patient." Lal
18 Decl. ¶ 9. If Plaintiff can procure a declaration from the physician who treats Mr. Lal's heart
19 condition specifically stating that, because of his heart condition, he is unable to sit for a short
20 deposition limited to ninety minutes in length and scheduled to take place at a time and location
21 (*e.g.*, his home, an office near his residence) mutually agreeable to the parties, then the Court shall
22 reconsider whether his deposition will go forward and, if not, what alternative may be available.
23 The declaration from the physician, if any, shall be filed by June 17, 2009. Defendant shall then
24 ///
25 ///
26 ///
27 ///
28 ///

2

have until June 22, 2009, to file a response. If the deposition does go forward, then Mr. Lal should be prepared to be deposed prior to the discovery cut-off (*i.e.*, July 10, 2009), but the Court is willing to a date after the discovery cut-off if such date is mutually agreeable to the parties.

This order disposes of Docket No. 80.

IT IS SO ORDERED.

Dated: June 10, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3