UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>       Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, *et al.*,<br><br>       Defendants.<br>_____/ | No. C-08-4147 SBA (EMC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL; AND DEFERRING RULING ON DEFENDANT'S MOTION FOR SANCTIONS**<br><br>**(Docket Nos. 43-44)** |

Defendant Chase Bank, USA, N.A., sued erroneously as First USA, NA, has filed a motion to compel and a motion for sanctions. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and Plaintiff Kamlesh Banga, proceeding pro se, the Court hereby **GRANTS** the motion to compel and defers ruling on the motion for sanctions.

## I. DISCUSSION

A.    Motion to Compel

Ms. Banga argues that the motion to compel is moot because she has now provided unredacted credit reports. However, as Chase points out, the document requests at issue ask for a broader range of documents, including documents related to additional credit card accounts and correspondence with Chase. The Court has reviewed the document requests and finds that they ask for relevant information. Ms. Banga has not adequately addressed whether she has produced all documents responsive to the requests. Accordingly, the Court hereby rules as follows.

(1)     Within a day of the date of this order, Chase shall identify for Ms. Banga the other credit card accounts that it contends are relevant (*e.g.*, because the accounts were opened either with Ms. Banga's name or her social security number).  The identifying information that Chase shall provide to Ms. Banga is (1) the individual's name listed on the account and (2) the credit card number for the account.  Within a week of the date of this order, Chase shall produce to Ms. Banga any statements it has within its possession, custody, or control for these credit card accounts.

(2)     By July 8, 2009, Ms. Banga shall produce, for each of the credit card accounts identified by Chase, all documents that she has within her possession, custody, or control that are responsive to each of the fifteen document requests that are at issue.  By the same date, Ms. Banga shall also serve on Chase a declaration stating that, for each of the credit card accounts identified by Chase, she has conducted a diligent search for documents responsive to each of the fifteen document requests.  Ms. Banga must also describe the search that was conducted.  Ms. Banga must also produce any and all other documents responsive to each of the document requests and provide in a declaration stating she has produced all responsive documents in her possession.

(3)     Thereafter if Chase believes that an inadequate search was conducted or that there are responsive documents improperly being withheld, then it shall file by July 15, 2009, a brief explaining why it is not satisfied with Ms. Banga's document production, declaration, and/or privilege log (if a privilege is asserted).  Chase must provide any and all evidence supporting its contention.  The Court shall determine thereafter whether a further response from Ms. Banga or other investigative steps is warranted.

B.      <u>Motion for Sanctions</u>

The Court defers ruling on Chase's motion for sanctions.  Ms. Banga is forewarned that should she fail to conduct a diligent search; produce all responsive documents within her possession, custody, or control; or provide inadequate declarations, then the Court will likely grant Chase's motion for sanctions and a monetary sanction of some kind will be issued.

C.      <u>Chase's Objection to Ms. Banga's Supplemental Declaration</u>

Chase has objected to a supplemental declaration submitted by Ms. Banga, both on procedural grounds as well as on the merits.  The Court agrees with Chase that the supplemental

declaration was improper as a procedural matter. Under the Civil Local Rules, "once a reply brief is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Civ. L.R. 7-3(d). In the instant case, Ms. Banga submitted her supplemental declaration after Chase had already filed its reply brief and did not ask leave of the Court to do so.

Although the Court could well have stricken the supplemental declaration for failure to comply with the Civil Local Rules, the Court has, in the interest of justice, considered the contents of the declaration. For the reasons stated above, the fact that Ms. Banga has produced unredacted credit reports does not render moot Chase's motion to compel. The Court warns Ms. Banga that, in the future, it shall strictly enforce the Civil Local Rules such that it will strike any post-rely filing if approval of the Court is not first sought.

## II.   CONCLUSION

For the foregoing reasons, the Court grants Chase's motion to compel and defers ruling on the motion for sanctions.

This order disposes of Docket No. 43.

IT IS SO ORDERED.

Dated: June 17, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3