**United States District Court**
For the Northern District of California

1

2

3

4

5                            UNITED STATES DISTRICT COURT

6                           NORTHERN DISTRICT OF CALIFORNIA

7

8    KAMLESH BANGA,                              No. C-08-4147 SBA (EMC)

9                Plaintiff,

10         v.                                    **ORDER RE DEPOSITION OF MADAN
                                                 LAL**
11   EXPERIAN INFORMATION SOLUTIONS,             **(Docket Nos. 90, 110)**
     *et al.*,
12
                 Defendants.
13
     _____/
14

15

16         Currently pending before the Court is the issue of whether or not the deposition of Madan

17   Lal, Plaintiff's husband, should proceed.

18                      **I.    FACTUAL & PROCEDURAL BACKGROUND**

19         Previously, the Court issued an order conditionally denying Plaintiff's motion to quash the

20   deposition of Mr. Lal.  *See* Docket No. 90 (order, filed on 6/10/2009).  In the order, the Court stated

21   that it would allow the deposition to proceed unless Plaintiff could procure a declaration from Mr.

22   Lal's treating physician stating that, because of his heart condition, he would not be able to sit for a

23   short deposition limited to ninety minutes in length and scheduled to take place at a mutually

24   agreeable time and place.  *See* Docket No. 90 (Order at 2).

25   ///

26   ///

27   ///

28   ///

**United States District Court**
For the Northern District of California

1    Originally, Plaintiff was to provide the declaration by June 24, 2009, and Defendants were

2    permitted to file a response five days thereafter.[1]  Plaintiff, however, requested an extension which

3    the Court granted.  *See* Docket No. 104 (order, file don 6/23/2009).  Plaintiff was given until July 1,

4    2009, to file the doctor's declaration and Defendants until July 6, 2009, to file a response.

5    On June 30, 2009, Plaintiff filed a motion in which she appears to ask leave to withdraw her

6    claim against Chase and all damages related thereto.  *See* Docket No. 108 (motion, filed on

7    6/30/2009) ("withdraw[ing] her claim against CHASE for damages resulted from credit denials and

8    all damages in any way related to account review and procurement of credit reports alleged in the

9    First Amended Complaint").  The presiding judge has not yet ruled on that motion.

10    On July 1, 2009, Plaintiff submitted a letter to the Court, including as an attachment a letter

11    (not a declaration) from Mr. Lal's treating physician.  *See* Docket No. 110 (letter).  In the letter, the

12    doctor states, in relevant part, as follows:

13        I am a practicing physician in Vallejo, CA.  Mr. Madan Lal has
          been a patient of mine for at least the last 4 years.
14
15        Mr. Lal has a lot of medical problems.  Most recently, he had
          suffered from an Acute Myocardial Infarction.  As such, I do not think
          that Mr. Lal should be exposed to any situation that can potentially
16        cause physical or mental stress.  It is my opinion that Mr. Lal is not
          healthy enough at this time to attend his deposition.
17

18    Docket No. 110 (letter, Ex. A).

19    Although the Court had permitted Defendants to file a response to Plaintiff's submission by

20    July 6, 2009, no Defendant did so.  Chase/First USA orally informed the Court that it did not intend

21    to pursue the deposition of Mr. Lal based on Plaintiff's motion to withdraw her claim against it.

22    Experian and Kohls also orally informed the Court that they did not intend to pursue the deposition.

23    However, it was Experian's understanding that Plaintiff -- by withdrawing her claim against

24    Chase/First USA and damages related to that claim -- was implicitly withdrawing any claim against

25    Experian related to Chase or First USA as alleged in the first amended complaint.

26    ────────────────────────

27        [1] In its order, the Court referred to "Defendant" rather than "Defendants" because the subpoena
      had been issued by counsel for one defendant only -- *i.e.*, Chase/First USA.  However, the Court has
28    been informed by counsel for Chase/First USA that the subpoena was issued on behalf of all Defendants,
      not just Chase/First USA.

**II.   DISCUSSION**

Because Defendants no longer seek to take the deposition of Mr. Lal, the Court finds that the issue of whether or not Mr. Lal's deposition should proceed is moot.  Accordingly, at this juncture, Mr. Lal need not appear for any deposition.

The Court notes that, in arriving at this conclusion, it makes no conclusions about the adequacy of the doctor's letter submitted by Plaintiff.

The Court further notes that, if Plaintiff has not in fact withdrawn any claim against Experian related to Chase or First USA, then the issue of Mr. Lal's deposition may need to be revisited.  To facilitate resolution of this issue, the Court orders Plaintiff to file and serve a statement as to whether or not she has withdrawn any claim against Experian related to Chase or First USA as alleged in the first amended complaint.  Those allegations include the allegations made in ¶¶ 13, 18-21, 33, and 35 of the first amended complaint.  Plaintiff shall file and serve this statement within a week of the date of this order.

IT IS SO ORDERED.

Dated:  July 8, 2009

EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

3