United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>          Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, *et al.*,<br><br>          Defendants.<br>_____/ | No. C-08-4147 SBA (EMC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT EXPERIAN FOR DESTRUCTION OF EVIDENCE**<br><br>**(Docket Nos. 100, 105)** |

Plaintiff Kamlesh Banga has moved for terminating sanctions against Defendant Experian Information Solutions based on the alleged spoliation of evidence by Experian. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and Ms. Banga (proceeding pro se), the Court hereby **DENIES** Ms. Banga's motion. The Court also overrules Ms. Banga's objection to Experian's request for judicial notice.[1]

**I. DISCUSSION**

As a preliminary matter, the Court notes that, although Ms. Banga did not in her papers identify the source for the Court's sanctioning authority, there is only one possibility -- *i.e.*, the

---

[1] Ms. Banga's objected to the documents attached to the request for judicial notice on the basis that the documents are irrelevant. However, the *World Savings* litigation is clearly relevant to the instant case, as reflected by the allegations made in Ms. Banga's first amended complaint.

Court's inherent powers.[2] *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (noting that a court may use its inherent power to impose sanctions for discovery abuses that may not be a technical violation of the discovery rules). Regarding a court's inherent powers to sanction, the Supreme Court has said that such powers are to be used carefully. "Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an *appropriate* sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

The Ninth Circuit has said that

> [d]ismissals under a court's inherent powers are subject to much the same considerations as those under the Federal Rules of Civil Procedure [*e.g.*, Rules 37 and 41]. A district court must determine (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct,[3] and (6) the government interests at stake.

*Halaco*, 843 F.2d at 380; *see also Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990) (stating that "dismissal sanctions under Rule 37 and a court's inherent powers are similar"; thus, "us[ing] cases involving dismissal under Rule 37 and inherent powers interchangeably").

---

[2] To the extent Ms. Banga argued in her papers that Federal Rule of Civil Procedure 37(b) is the source of the Court's sanctioning authority, the Court does not agree. Rule 37(b)(2) requires that there be a violation of a discovery order to trigger the ability to sanction. *See* Fed. R. Civ. P. 37(b)(2) (stating that a court may sanction a party if it "fails to obey an order to provide or permit discovery"); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Co.*, 982 F.2d 363, 368 (9th Cir. 1992) ("Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse.").

[3] In *Halaco*, the Ninth Circuit stated that prejudice to the wronged party was an "optional" consideration. *Halaco*, 843 F.2d at 382. However, the Ninth Circuit has subsequently emphasized the similarity between the test for sanctions under a court's inherent powers and the test for sanctions under Rule 37, and prejudice is a "key factor[]" in determining sanctions under Rule 37. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (discussing dismissal sanction pursuant to Rule 37). The Court places substantial weight on the prejudice prong.

In *Advantacare Health Partners, LP v. Access IV*, No. C 03-04496 JF, 2004 U.S. Dist. LEXIS 16835 (N.D. Cal. Aug. 17, 2004), Judge Fogel of this District applied the *Halaco* test, notably, in a case in which spoliation of evidence was involved. In *Advantacare*, Judge Fogel declined to enter a default judgment as a sanction against defendants, who had undisputedly destroyed important evidence, and instead ordered both evidence sanctions (*i.e.*, an adverse presumption that defendants had copied plaintiffs' files) and monetary sanctions (an exemplary award of $20,000). *See id.* at \*21-23, 27-31. Judge Fogel explained that a default judgment was not warranted because, even though "[d]efendants' behavior, from the very inception of [the] case, . . . demonstrated willfulness, fault, and bad faith" and "went to the heart of many of [p]laintiffs' claims, causing prejudice to [p]laintiffs on the merits of the case," *id.* at \*20-21, defendants' actions did "not eclipse entirely the possibility of a just result, suggesting that extraordinary circumstances do not exist." *Id.* at \*15. Judge Fogel's opinion demonstrates that a terminating sanction pursuant to a court's inherent powers is not easily met.

In the instant case, Ms. Banga argues that a terminating sanction is appropriate because (1) Experian intentionally destroyed her credit reports for the 2007 to 2009 period and (2) Experian intentionally destroyed communications between it and World Savings that led to the declaration that Experian provided for the *World Savings* litigation.

As to the first category of documents, the Court finds that there is no evidence that Experian intentionally destroyed the credit reports at issue. Ms. Banga's letter of August 10, 2007, did not give adequate notice to Experian that it should have retained her credit reports. The focus of the letter was whether Experian had violated Ms. Banga's rights on July 11, 2007, by providing her credit information to World Savings for litigation purposes. This had nothing to do with credit reports.

Even if Experian should have retained the credit reports at issue based on Ms. Banga's letter of August 10, 2007, a sanction of a default judgment would not be proper. Ms. Banga argues that the credit reports are necessary in order for her to determine whether the other defendants in the case such as Kohls improperly accessed her credit information. However, Experian has adequately demonstrated that other documents provided to Ms. Banga -- *e.g.*, the administrative reports and the

3

consumer disclosures -- provide the necessary information for Ms. Banga to litigate her case.[4]  There is nothing to suggest that the credit reports would provide any additional information.

As to the second category of documents, those pertaining to the *World Savings* litigation, it is not clear whether such documents ever existed in the first place.  At the hearing, Experian added that the only communications between World Savings and Experian that would have taken place would have been communications conducted by counsel, which would be privileged.  The Court need not resolve these issues, however, because, even assuming that nonprivileged documents once existed and were destroyed, Ms. Banga has not shown that she has suffered any real prejudice as a result -- certainly not enough prejudice to warrant a terminating sanction.  There is no dispute that an Experian employee provided a declaration in the *World Savings* litigation.  Either that was a violation of Ms. Banga's rights or it was not.  Ancillary communications are not material to the legal question at issue.

Accordingly, the Court denies Ms. Banga's request for a terminating sanction.  There is no evidence of a willful or knowing spoliation of evidence, and even if there were, Ms. Banga has suffered no substantial prejudice.  The Court, however, also denies Experian's request for monetary sanctions for having to oppose Ms. Banga's motion.  In response to the motion, Experian ultimately produced consumer disclosures for 2007 to 2009.  Moreover, Ms. Banga also sought documents related to the *World Savings* litigation specifically, and this issue was not fully and adequately addressed by Experian in its papers.  Therefore, the Court cannot say that Ms. Banga's motion was without any substantial justification.

///
///
///
///
///
///

---

[4] As Experian noted at the hearing, the administrative reports cover more than just the one preceding year.  *See* Banga Reply Decl., Ex. E.

4

## II. CONCLUSION

For the foregoing reasons, the Court denies Ms. Banga's motion for terminating sanctions. This order disposes of Docket Nos. 100 and 105.

IT IS SO ORDERED.

Dated: August 4, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>  Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, *et al.*,<br><br>  Defendants.<br>_____/ | No. C-08-4147 SBA (EMC)<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

KAMLESH BANGA
P.O. Box 6025
Vallejo, CA  94591
(707) 342-1692

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING ("E-FILING")*

Dated:  August 4, 2009        RICHARD W. WIEKING, CLERK


            By:    /s/
                 Leni Doyle
                 Deputy Clerk