GREGORY P. DRESSER (SBN 136532)
GDresser@mofo.com
WENDY M. GARBERS (SBN 213208)
WGarbers@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.
erroneously sued as "KOHLS"

Eric J. Hardeman (SBN 253489)
ejhardeman@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendants
Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAMLESH BANGA,<br><br>               Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS; KOHLS; FIRST USA, NA, and Does 1 through 10 inclusive,<br><br>               Defendants. | Case No.   4:08-cv-04147-SBA<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>Complaint Filed:  August 29, 2008<br>Trial Date:  None Set |

In this action, Defendant Kohl's Department Stores ("Kohl's") filed a motion for summary judgment or, in the alternative, for summary adjudication. Defendant Experian Information Solutions also filed a summary judgment motion. Plaintiff filed papers in opposition to these motions. The Court considered all papers submitted in support of, and in opposition to, defendants' summary judgment motions. Also, on February 23, 2010, the Court conducted an extensive hearing during which defendants presented argument in favor of, and plaintiff presented argument in opposition to, defendants' motions for summary judgment.

At the hearing on February 23, 2010, the Court granted defendants' motions for summary judgment in their entirety for the reasons set forth below.

<u>As to the summary judgment motion of Kohl's</u>:

(1) The first cause of action in plaintiff's first amended complaint ("complaint") alleged "willful/negligent wrongful procurement of credit report," based on alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. Plaintiff alleged that such violations occurred because Kohl's allegedly made two account review (or "soft") inquiries concerning plaintiff's credit after she closed her Kohl's account.

At the hearing, plaintiff conceded that Kohl's is entitled to summary judgment on Plaintiff's claim for a willful violation of the FCRA. Even if she had not so conceded, this Court would have summarily adjudicated this claim against her. The Court finds the reasoning of *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009), *Wilting v. Progressive County Mut'l Ins. Co.*, 227 F.3d 474 (5th Cir. 2000), and *Banga v. Nat'l Credit Union*, 2009 U.S. Dist. LEXIS 93449, at *9 (N.D. Cal. October 6, 2009) persuasive and concludes that, even if Kohl's made the inquiries concerning plaintiff's credit after she closed her account, as she alleges, this would not give rise to a "willful" claim under 15 U.S.C. § 1681n. It is not objectively unreasonable to read § 1681b(a)(3) as permitting inquiries on closed accounts.

(2) Kohl's is also entitled to summary judgment on plaintiff's claim for negligent violation of the FCRA under 15 U.S.C. § 1681o. In order to prove a claim for negligent violation of the FCRA, the plaintiff must demonstrate "actual damages sustained" as a result of the non-

compliance. 15 U.S.C. § 1681o. The only category of damages alleged by plaintiff in her complaint as result of the alleged negligent violation of the FCRA was "mental anguish." (FAC ¶ 41.) However, on June 11, 2009, plaintiff withdrew all claims for emotional distress damages. (Docket No. 94.) As such, she cannot prove actual damages and thus lacks a viable claim under 15 U.S.C. § 1681o. Even if plaintiff had evidence of actual damages, which she does not, the Court would nevertheless summarily adjudicate the negligent FCRA claim against her based on the reasoning of *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009). "Account review" is a permissible purpose to access a consumer report, and the text of the FCRA does not distinguish between open and closed accounts. 15 U.S.C. 1681b(a)(3)(A). It is reasonable to construe "account" to encompass both open and closed accounts. *Levine*, 554 F.3d at 1318. Thus, even accepting plaintiff's allegation that the inquiry Kohl's made on her account was made after she attempted to close the account, the Court concludes that such conduct is not a negligent violation of the FCRA.

(3) As a part of her first cause of action, Plaintiff also contended that Kohl's had violated California Civil Code Section 1785.20.1. Section 1785.20.1 deals with firm offers of credit, and requires that certain content be included in solicitations for firm offers of credit. Among other reasons, Kohl's is entitled to summary judgment on this claim because plaintiff offered no evidence that Kohl's had made her a firm offer of credit. At the hearing, Plaintiff conceded that Kohl's had not made her a firm offer of credit. Indeed, her complaint does not even allege that Kohl's made her a firm offer of a credit.

(4) Plaintiff's sixth cause of action included a claim that Kohl's violated California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200 *et seq*. In order to proceed with a claim against Kohl's under the UCL, plaintiff must show that she is entitled to restitution from Kohl's. *Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 817 (2007). That is, Plaintiff must show that the alleged wrongful conduct of Kohl's caused her to lose money or property and that Kohl's is in possession of that money or property. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

1134, 1149 (2003) (Under the UCL, restitution is only available for "money or property that defendants took directly from plaintiff.") Plaintiff offered no evidence that the alleged wrongful conduct of Kohl's caused her to lose money or property or that Kohl's is in possession of any money or property that belongs to her. At the hearing, plaintiff conceded that Kohl's did not have possession of any money or property that belonged to her.

For these reasons, Kohl's is entitled to summary judgment on all of plaintiff's claims against it.

<u>As to Experian's Summary Judgment Motion:</u>

(1) The third cause of action in plaintiff's complaint alleged "Experian's Willful Wrongful Distribution of Credit Report," based on alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. Plaintiff alleged that such violations occurred because Experian released her credit information for account review purposes to Kohl's and First USA, NA ("First USA") after she closed her accounts with these creditors.

At the hearing, plaintiff conceded that Experian is entitled to summary judgment on plaintiff's claim for a willful violation of the FCRA as to the Kohl's and First USA account review inquiries. Even if she had not so conceded, this Court would have summarily adjudicated this claim against her. The Court finds the reasoning of *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009), *Wilting v. Progressive County Mut'l Ins. Co.*, 227 F.3d 474 (5th Cir. 2000), and *Banga v. Nat'l Credit Union*, 2009 U.S. Dist. LEXIS 93449, at *9 (N.D. Cal. October 6, 2009) persuasive and concludes that, even if Experian released her credit information for account review inquiries these accounts, as she alleges, this would not give rise to a "willful" claim under 15 U.S.C. § 1681n. It is not objectively unreasonable to read § 1681b(a)(3) as permitting inquiries on closed accounts.

(2) Experian is also entitled to summary judgment on plaintiff's claim for negligent violation of the FCRA under 15 U.S.C. § 1681o regarding the release of her information for account review purposes to Kohl's and First USA. In order to prove a claim for negligent violation of the FCRA, the plaintiff must demonstrate "actual damages sustained" as a result of

the non-compliance. 15 U.S.C. § 1681o. On June 11, 2009, plaintiff withdrew all claims for emotional distress damages. (Docket No. 94.) In addition, Plaintiff has adduced no evidence to show that she was actually damaged by Experian's actions. As such, she cannot prove actual damages and thus lacks a viable claim under 15 U.S.C. § 1681o. Even if plaintiff had evidence of actual damages, which she does not, the Court would nevertheless summarily adjudicate the negligent FCRA claim against her based on the reasoning of *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009). "Account review" is a permissible purpose to access a consumer report, and the text of the FCRA does not distinguish between open and closed accounts. 15 U.S.C. § 1681b(a)(3)(A). It is reasonable to construe "account" to encompass both open and closed accounts. *Levine*, 554 F.3d at 1318. Thus, the Court concludes that Experian's release of her credit information for account review purposes to her former creditors was not impermissible under 15 U.S.C. § 1681b(a)(3)(A) and therefore is not a negligent violation of the FCRA.

(3) Plaintiff's complaint also alleges that Experian violated the FCRA both negligently and willfully when its employee provided a declaration on behalf of World Savings and Loan Association ("World Savings") motion for summary judgment in an Alameda County Superior Court case in July 2007. The Court finds no evidence that Experian "sold" her credit information to World Savings as alleged in paragraph 35 of plaintiff's complaint. Plaintiff conceded at the hearing that her objection to the declaration was overruled by the Alameda County Superior Court on the grounds that World Savings was legally entitled to the information contained in the declaration. The Court finds that this issue was actually decided and determined by a valid final judgment by the Alameda County Superior Court in granting World Savings' Motion for Summary Judgment. Accordingly, the Court concludes that Plaintiff is collaterally estopped from raising this issue against Experian in this lawsuit. *Arizona v. California*, 530 U.S. 392, 414 (2000). Plaintiff's complaint also alleges that Experian breached its settlement agreement from her previous case against Experian. The Court finds nothing in the settlement agreement that would proscribe Experian's employee from making such a declaration.

(4) Plaintiff's fifth cause of action brings claims against Experian for "Willful/Negligent Sale of Credit Report For Promotional Purposes." Plaintiff settled her previous lawsuit against Experian and dismissed the action with prejudice pursuant to a written settlement agreement on April 23, 2007. Therefore, any of plaintiff's claims arising before that date are barred by the doctrine of claim preclusion. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005); *Concha v. London*, 62 F.3d 1493, 1507-08 (9th Cir. 1995). Plaintiff conceded at the hearing that all her claims under her fifth cause of action relate to conduct occurring prior to April 23, 2007 and that her fifth cause of action was therefore barred. Accordingly, the Court concludes that plaintiff's fifth cause of action against Experian is barred by the doctrine of claim preclusion.

(5) Plaintiff's sixth cause of action included a claim that Experian violated California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200 *et seq*. In order to proceed with a claim against Experian under the UCL, plaintiff must show injury in fact that entitles her to restitution from Experian. *Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 817 (2007). That is, Plaintiff must show that Experian's alleged wrongful conduct caused her to lose money or property and that Experian is in possession of that money or property. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) (Under the UCL, restitution is only available for "money or property that defendants took directly from plaintiff.") There is no evidence in the record that Experian caused plaintiff to lose money or property. Plaintiff conceded at the hearing that her UCL claims against Experian do not ask for restitution, but for disgorgement of profits relating to Experian's sale of her credit information. (Complaint ¶82). Plaintiff's request for disgorgement of these profits is non-restitutionary in nature, and is not recoverable under the UCL. *See Korea Supply Co, supra*, at 1148-49 (2003).

For these reasons, Experian is entitled to summary judgment on all of plaintiff's claims against it.

IT IS SO ORDERED.

Dated:  3/17/10

_____
APPROVED
Judge Saundra B. Armstrong
...trong
...nia